IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PANHANDLE CLEANING & RESTORATION, INC.,

       Plaintiff,

v.                                        Civil Action No. 5:11CV178
                                                               (STAMP)
RONALD W. VANNEST, CHARLES W. WYCKOFF
and SHAHN GOLEC,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING REQUEST FOR ENTRY OF DEFAULT
AGAINST DEFENDANTS RONALD W. VANNEST,
CHARLES W. WYCKOFF, AND SHAHN GOLEC
AND MOTION FOR DEFAULT JUDGMENT**

I.  Background

On November 15, 2011, Panhandle Cleaning & Restoration, Inc. ("Panhandle") filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that the defendants are engaging in conduct that directly violates a non-compete covenant contained in their employment agreements. The non-compete covenant at issue prohibits the defendants from working in competition with Panhandle or soliciting Panhandle clients for two years and within a fifty mile radius of Panhandle's business address. The plaintiff alleges that the defendants are currently operating a company that is engaged in the same line of business as Panhandle, specifically, providing contracting services for the construction, restoration, and remodeling of residential and/or commercial structures. The plaintiff further alleges that the defendants have been

impermissibly contacting Panhandle clients and have attempted to solicit at least three of Panhandle's current employees. The case was removed to this Court on December 12, 2011.

On January 3, 2012, the plaintiff filed a request for entry of default against defendants Ronald W. Vannest, Charles W. Wyckoff, and Shahn Golec and motion for default judgment. In support of this request, Panhandle argues that the defendants failed to file an answer or responsive pleading by the December 19, 2011 deadline. Attached to the request for entry of default is the affidavit of attorney Ronald M. Musser.

Also on January 3, 2012, the defendants filed an answer and counterclaim, as well as a memorandum of law in opposition to plaintiff's request for entry of default and motion for default judgment. In their response in opposition, the defendants argue that their counsel negligently failed to file the answer because he mistakenly believed that the answer had been filed by his staff on December 12, 2011. The defendants also argue that given the circumstances of this case, entry of default or default judgment would be inappropriate. The plaintiff did not file a reply in support of its request for default and motion for default judgment. For the reasons set forth below, this Court finds that the request for entry of default and motion for default judgment must be denied.

II.  Applicable Law

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a).  Under Rule 55(a), an entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  Fed. R. Civ. P. 55(a).  Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought.  If the plaintiff's claim is for "a sum certain" or a "sum that can be made certain by computation," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1).  However, in cases in which the plaintiff seeks a form of relief other than liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the United States Court of Appeals for the Fourth Circuit that default judgments are to be granted sparingly.  See, e.g., Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987).  "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom."  United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

III.  Discussion

In its request for entry of default and motion for default judgment, Panhandle argues that pursuant to Rules 12 and 81 of the

3

Federal Rules of Civil Procedure, the defendants' answers or responsive pleadings were required to be served no later than December 19, 2011. The affidavit of Ronald Musser states that Panhandle effected service of the summons and complaint upon the defendants via the Secretary of State of West Virginia (Musser Aff. ¶ 4) and that executed return receipts were delivered to the plaintiff's counsel identifying the following delivery dates upon the defendants: November 25, 2011 as to Shahn Golec and Charles W. Wyckoff; and November 28, 2011 as to Ronald W. Vannest (Musser Aff. ¶ 5).

In their response in opposition, the defendants highlight the fact that their answer was filed on January 3, 2012 -- immediately upon receipt of the plaintiff's request for entry of default and motion for default judgment. The defendants contend that because they have taken action to defend the claims against them, the plaintiff's request for default should be denied under Rule 55(a) of the Federal Rules of Civil Procedure.

This Court finds that neither an entry of default nor default judgment is appropriate in this action. Under the law of the Fourth Circuit, a defaulting party should be granted relief if it acts reasonably promptly to set aside the default and alleges a meritorious defense. Moradi, 673 F.2d at 727; Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249,

251 (4th Cir. 1967). "Whether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances of each occasion. Further, all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727.

As the defendants state, default should not be entered under Rule 55(a) when a party has shown an intention to actively defend against the suit. See Johnson v. Warner, No. 7:05CV00219, 2009 WL 586730, at *4 (W.D. Va. Mar. 6, 2009). Additionally, this Court agrees that "strong public policy favors resolving disputes on the merits and not by default judgment." Id. (quoting Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)). Because the defendants have belatedly filed their answer and indicated their intent to diligently defend against the suit, this Court finds that the plaintiff's request for entry of default and motion for default judgment must be denied.

## IV. Conclusion

For the reasons stated above, the plaintiff's request for entry of default against defendants Ronald W. Vannest, Charles W. Wyckoff, and Shahn Golec and motion for default judgment (ECF No. 5) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 18, 2012

/s/ Frederick P. Stamp, Jr.<br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE