IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PANHANDLE CLEANING & RESTORATION, INC.,

     Plaintiff,

v.                                      Civil Action No. 5:11CV178
                                                         (STAMP)

RONALD W. VANNEST, CHARLES W. WYCKOFF,
and SHAHN GOLEC,

     Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AS TO DEFENDANT GOLEC,**
**DENYING DEFENDANT GOLEC'S MOTION FOR SUMMARY JUDGMENT,[1]**
**AND DISMISSING DEFENDANTS VANNEST AND WYCKOFF**

I.   Background

The above-styled civil action is before this Court as a result
of a notice of removal filed by the defendants, in which they
assert federal jurisdiction pursuant to 28 U.S.C. § 1332(a). The
plaintiff, Panhandle Cleaning & Restoration ("Panhandle") commenced
this civil action in the Circuit Court of Ohio County, West
Virginia, alleging that the defendant, Shahn Golec ("Golec"), was
in breach of the non-competition and non-solicitation covenant

---

[1]This Court originally gave its tentative rulings regarding
all defendants by letter in this civil action on September 18,
2012. Since that time, however, the plaintiff has settled its
claims against defendants, Ronald W. Vannest and Charles W.
Wyckoff. The civil action against these defendants is dismissed by
this order, and the opinion reflects only the complaint against
defendant Golec.

contained within the employment agreement he allegedly signed.  The

employment agreement specifically states the following:

> Employee hereby agrees that for a period of two (2) years
> from and after the date on which the Employee ceases to
> be employed with the Employer for whatever reason,
> Employee will not, within a radius of fifty (50) miles of
> the Employer's then current business address, directly or
> indirectly: (i) be employed by, or work as a consultant
> or other independent contractor, for another Employer
> which is in competition with the Employer; (ii) directly
> or indirectly, own, manage, finance, or control any
> person, firm or corporation engaged in a similar line of
> business and in competition with the Employer; (iii)
> solicit the Employer's customers and clients, or (iv)
> directly or indirectly solicit any of the Employer's
> employees to leave employment with the Employer.  The
> Employee expressly acknowledges that this covenant is
> reasonable and will not prevent or impose an undue
> hardship or otherwise prevent the Employee from earning
> a livelihood during the time it is in effect.

ECF No. 1 Ex. 4 *4.  Additionally, the agreement contains a

reimbursement provision for training and certifications, and a

provision regarding the plaintiff's entitlement to seek an

injunction and costs associated with enforcing the agreement,

including attorney's fees.  Id.

The plaintiff claims that defendant Golec is engaging in the

same line of business as the plaintiff by operating a business that

provides construction, restoration, and remodeling of residential

and commercial structures.  Panhandle alleges that this business is

operated within fifty miles of Panhandle's address and within the

two-year period.   Panhandle also claims that the defendant

solicited Panhandle employees to leave their employment with

Panhandle and begin work for the defendant.  As a result of these

actions, Panhandle claims the defendant breached his employment contract, specifically the non-competition and non-solicitation covenant. Panhandle seeks injunctive relief, compensatory damages, and reasonable attorney's fees.

The parties both filed motions for summary judgment in this action. The plaintiff's motion was only a motion for partial summary judgment. In this motion, the plaintiff argues that the non-competition and non-solicitation covenants are valid and enforceable because they are limited in scope and geography. Plaintiff did not argue that this Court should find the defendant violated these covenants, but instead stated that this question should be left for the jury to determine at trial. Defendant Golec responded to plaintiff's motion by alleging that he did not sign the employment agreement, and thus, the covenants cannot apply to him. Nevertheless, the defendant also claims that the covenants are generally not enforceable because Panhandle has no specific business interests it is seeking to protect and the covenant is too broad in both scope and geography. In plaintiff's reply, it contests the defendant's allegation that he did not sign the employment agreement and the plaintiff also reiterates its argument regarding the reasonableness and enforceability of the covenants.

Defendant Golec argues in his motion for summary judgment that the defendant did not breach the employment agreement and there is no evidence to the contrary. Alternatively, even if defendant

Golec did breach his employment agreement, the plaintiff provided no evidence of monetary losses as a result of such breach. The plaintiff responded to these arguments by stating that it has disclosed multiple individuals with first-hand knowledge of the defendant's actions constituting a breach of the employment agreements. Also, the plaintiff argues that regardless of whether it has produced evidence of compensatory damages, this fact alone does not entitle defendant Golec to summary judgment. Defendant Golec replies, arguing that the pieces of evidence Panhandle refers to as establishing a breach of the covenants are merely unsworn statements from possible witnesses and such unsworn statements cannot be properly considered on summary judgment. In addition, Golec again argues that the plaintiff failed to produce evidence of compensatory damages and that the plaintiff has failed to identify case law to support the argument that the defendant is not entitled to summary judgment as a result.

For the reasons stated below, this Court finds that the plaintiff's motion for partial summary judgment is granted in part and denied in part and defendant Golec's motion for summary judgment is denied.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials
>     in the record, including depositions,

4

> documents, electronically stored information,
> affidavits or declarations, stipulations . . .
> admissions, interrogatory answers, or other
> materials; or
> (B) showing that the materials cited do not
> establish the absence or presence of a genuine
> dispute, or that an adverse party cannot
> produce admissible evidence to support the
> fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(stating that summary

judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950))).

In <u>Celotex</u>, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## III. <u>Discussion</u>

### A. <u>Enforceability of the Restrictive Covenants</u>

According to West Virginia law, after a contract that contains covenants not to compete is deemed valid, the first step in this Court's analysis of the enforceability of those covenants requires the application of the rule of reason. See <u>Reddy v. Cmty. Health</u>

Found. of Man, 298 S.E.2d 906, 915 (W. Va. 1982).  As the Reddy court stated, "the very enforceability of the covenant will stand or fall by the rule of reason."  Id. at 911.  Application of the rule of reason involves three inquiries that require this Court to look to the interests of the employer, the interests of the employee, and the interests of society at large.  Id. at 911. Specifically, a covenant is reasonable only if it: (1) is no greater than is required for the protection of the employer; (2) does not impose undue hardship on the employee; and (3) is not injurious to the public.  Id. (citations omitted).

This Court must determine whether the covenant is reasonable on its face "if judicial scrutiny of it is to continue."  Id. at 915.  If this Court determines it is unreasonable on its face, the covenant is deemed "void and unenforceable."  Id.  As the court in Reddy stated:

> A covenant is unreasonable on its face when the restriction is excessively broad with respect to time or area, or if in the circumstances the true purpose of the covenant appears to be merely to repress the employee, and prevent him from leaving, rather than to protect the employer's business.  Good faith, on the other hand, is evidence of reasonableness.

Id. at 915-916.

If this Court determines that the covenant is reasonable on its face, this Court must then determine whether the employer has shown it has interests that require protection.  Gant v. Hygeia Facilities Found, 384 S.E.2d 842, 845 (W. Va. 1989).  To determine

7

whether an employer has interests that need protection, a court must examine "the extent to which the employee may unjustly enrich himself by appropriating an asset of the employer for which the employee has not paid and using it against that very employer." Reddy, 298 S.E.2d at 916. Examples of situations where this may occur "are those where the employer stands to lose his investment in employee training, have his trade secrets or customer lists converted by the employee, or have his market share threatened by the employee's risk-free entry into the employer's market." Id. Protectable interests do not include a former employee's acquired skills and information that "are of a general managerial nature, such as supervisory, merchandising, purchasing and advertising skills and information." Syl., Helms Boys, Inc. v. Brady, 297 S.E.2d 840 (W. Va. 1982). When a customer list "is readily available to employees or ascertainable by independent sources," it is also not considered a protectable interest. Appalachian Labs., Inc. v. Bostic, 359 S.E.2d 614, 616 (W. Va. 1987). If the employer does have interests that require protection, the restrictive covenant is presumptively enforceable in its entirety. Syl. pt. 3, Reddy.

Provided that this Court determines that the covenant is presumptively enforceable in its entirety, the Court then must determine whether the employee demonstrated the covenant should not be enforced in its entirety. Syl. pt. 5, Reddy. To accomplish

this, the Court must decide whether based on the employer's interest requiring protection, the employee has shown:

> (1) that he has no "trade assets" of the employer to convert; (2) that such "trade assets" as he has belong to him and not to the employer; (3) that the employer could be equally well protected by a narrowed covenant; or (4) that the employer has had time to recoup any extraordinary investment in the employee.

Syl. pt. 4, Reddy.

Following the procedure outlined above, this Court finds that the restrictive covenants are at least valid and enforceable as to time (two years) and geography (fifty miles). This Court, however, finds that further inquiry into the facts is needed to determine whether the covenants are completely valid and enforceable in this instance. The covenant places a two-year, fifty mile restriction on the employees after leaving the plaintiff's employment. This restriction is not excessively broad. Courts in West Virginia have found covenants containing similar time and geographic limits to be reasonable. Huntington Eye Associates, Inc. v. LoCascio, 553 S.E.2d 773 (W. Va. 2001) (discussing a two-year, fifty mile limit); Reddy, 298 S.E.2d 906 (discussing a two-year, thirty mile limit); Wyckoff v. Painter, 115 S.E.2d 80 (1960) (discussing a one-year, statewide limit).

The defendant argues that he never signed a document purporting to be an employment agreement and the signature found on the employment agreement presented by the plaintiff was not placed there by him. In the alternative, this defendant contends that the

9

covenant is too broad in scope and thus unreasonable because it would prevent the employee from working in any capacity in the construction industry. The plaintiff contends, however, that the covenants only prevent the defendant from working in direct competition with Panhandle, soliciting its customers, and soliciting its employees to leave Panhandle, and even then the employees are only restricted to working within a fifty mile radius. The plaintiff claims as a result other jobs in the construction business are still open to defendant, for instance jobs with construction suppliers, or merely working outside the restricted radius in any capacity.

This Court asserts that genuine issues of material fact exist as to whether the defendant did sign the employment agreement. Furthermore, inquiry into what exactly Panhandle's business is and thus, what type of work constitutes being in direct competition with Panhandle is necessary in this matter to determine whether the restrictive covenants are in fact reasonable. Based on this finding, further application of the procedure to determine the validity and enforceabilty of the covenants cannot proceed and must be determined at trial.

B.  Evidence Necessary to Establish a Breach of the Covenants and Injury to the Plaintiff

To state a breach of contract claim under West Virginia law, a plaintiff must show: (1) existence of a valid enforceable

contract; (2) plaintiff performed under the contract; (3) defendant breached or violated a duty under the contract; and (4) the plaintiff was injured by this breach. <u>Wince v. Easterbrooke Cellular Corp.</u>, 681 F. Supp. 2d 688, 693 (N.D. W. Va. 2010). As stated above, the party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 322-23. The nonmoving party then has the burden "to come forward with facts sufficient to create a triable issue of fact." <u>Temkin</u>, 945 F.2d at 718-19 (citing <u>Anderson</u>, 477 U.S. at 247-48). The defendant asserts that Panhandle is unable to establish two of the breach of contract elements: (1) breach of the contract; and (2) injury in the form of damages. Panhandle, however, has produced "facts sufficient to create a triable issue of fact" for these elements. <u>Id.</u>

1.   <u>Breach</u>

First, regarding the issue of breach, the plaintiff provided the defendant with the names of Panhandle employees that it claims have knowledge of the defendant's solicitation of Panhandle employees. ECF No. 38 Ex. 1 *2. The solicitation of Panhandle employees to leave their employment with Panhandle violates the restrictive covenants contained in the employment agreement. Defendant argues that this Court cannot properly consider these statements on summary judgment because they are unsworn hearsay. <u>Rohrbough v. Wyeth Laboratories, Inc.</u>, 916 F.2d 970, 973 n.8 (4th

11

Cir. 1990). These statements defendant Golec made during conversations with possible witnesses, however, are not hearsay. Instead, the plaintiff may call the possible witnesses to testify regarding these party-opponent statements in accordance with Federal Rule of Evidence 801(d)(2). Thus, this Court may properly consider these statements on summary judgment.

2. Injury

Next, the defendant claims that the plaintiff did not produce any evidence of damages or monetary losses as a result of any breach and thus, the plaintiff cannot state a claim for breach of contract. Defendant's assertion is incorrect. Regardless of whether the plaintiff produced evidence of monetary losses or damages, the plaintiff may still be entitled to nominal damages if proven. "Nominal damages arise where there is breach of a duty owed the plaintiff or an infraction of his right, though the amount of actual damages is not shown." Harper v. Consolidated Bus Lines, 185 S.E. 225, 230 (W. Va. 1936) (citation omitted). A plaintiff may recover nominal damages in a contract action "[w]here an actionable wrong by the defendant is shown." Harper, 185 S.E. at 231 (citing Watts v. Norfolk & W. R. Co., 19 S.E. 521 (W. Va. 1894)). In such an instance, the "damages are inferred from the fact of a wrong done." Id. (citation omitted). Therefore, if the plaintiff shows that the defendant did in fact breach his employment agreement, Panhandle will be entitled to at least

12

nominal damages because damages and thus injury will be inferred.
Even so, the plaintiff has incurred attorney's fees and costs in
its attempt at enforcing the employment agreement.  The employment
agreement contains reimbursement provisions regarding such fees and
costs.  Due to this provision, the plaintiff may be entitled to
some monetary damages in the form of nominal damages and attorney's
fees and costs if it prevails on its breach of contract claim.
Therefore, whether the plaintiff is entitled to nominal damages or
also whether it is entitled to attorney's fees and costs, the
plaintiff has set forth facts establishing the possibility of
recovery of such damages.

## IV.  Conclusion

For the reasons stated above, the plaintiff's partial motion
for summary judgment is GRANTED IN PART and DENIED IN PART, the
defendant Shahn Golec's motion for summary judgment is DENIED, and
defendants Ronald W. Vannest and Charles W. Wyckoff are DISMISSED
WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum
opinion and order to counsel of record herein.

DATED:      October 5, 2012


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE